IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JIMMIE ARLYN FORBUS,

Plaintiff,

v.

KAREN GAYE HARRIS, et al.,

Defendants.

Case No. 6:25-cv-01930-MO

ORDER

MOSMAN, District Judge.

This prisoner civil rights case comes before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint (#45). Defendant Bono objects to the Motion on the basis that Plaintiff has not cured the deficiencies she identified within her pending Motion to Dismiss (#40) filed June 30, 2026. Defendant Roberts has not objected to the request for amendment, and Defendant Harris expressly states that she does not oppose the Motion to Amend.

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course: (1) within 21 days of service of the original pleading; or (2) within 21 days after service of a responsive pleading or a motion to dismiss, whichever is earlier. If a plaintiff's proposed amendment does not fall within either of these two categories, he may only amend his pleading

with the consent of the opposing party or with leave of the court. The propriety of a motion to amend is generally determined by ascertaining the presence of any of the following four factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).

Although Plaintiff filed his Motion to Amend within 21 days of Defendant Bono's most recent Motion to Dismiss (#40), this is not his first request to file an amended complaint. As such, he may only amend his Second Amended Complaint with the consent of the opposing parties or leave of the Court.

As indicated above, Defendants Harris and Roberts do not oppose Plaintiff's desire to amend his Second Amended Complaint. However, Defendant Bono opposes further amendment because the proposed Third Amended Complaint (#45-1) does not cure the deficiencies already identified in her pending Motion to Dismiss. She points out that she has been seeking a ruling on Plaintiff's purported failure to state a claim against her since she filed her first Motion to Dismiss (#24) on May 6, 2026, thus allowing Plaintiff an opportunity to again amend his pleading in the face of his continued failure to state a claim against her will result in prejudice.

The prejudicial impact to Defendant Bono in having to renew the arguments in her most recent Motion to Dismiss (#40) are not sufficiently significant to deny Plaintiff leave to amend his pleading. The Court therefore grants the Motion to Amend, but cautions Plaintiff that it is not inclined to allow him further opportunities to amend his pleading.

///

///

## CONCLUSION

Plaintiff's Motion for Leave to File Third Amended Complaint (#45) is granted. The Clerk is DIRECTED to detach the Third Amended Complaint (#45-1) from the Motion to Amend and docket it as the operative pleading in this case.

Defendant Bono's pending Motion to Dismiss (#40) is denied as moot. Defendants' answers (or other responsive pleadings) to the Third Amended Complaint are due within 21 days of the date of this Order.

IT IS SO ORDERED.

10/5/2026
DATE

Michael W. Mosman
Michael W. Mosman
United States District Judge